UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CR-00091-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DEKATO BERNARD GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Objections, (Doc. No. 42), to the Honorable Magistrate Judge David Keesler's Memorandum and Recommendation (the "M&R"), (Doc. No. 35), entered on December 6, 2023, regarding Defendant's Motion to Suppress (Doc. No. 18). For the reasons set forth below, the Magistrate Judge's M&R is **AFFIRMED** and **ADOPTED IN PART** and **REJECTED IN PART**, Defendant's Objections are **OVERRULED IN PART** and **SUSTAINED IN PART**, and Defendant's Motion to Suppress is **GRANTED**.

## I. BACKGROUND

In April 2023, Defendant was indicted in this District for possessing of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. Nos. 1, 10.) On September 20, 2023, Defendant filed a motion to suppress. (Doc. No. 18.) Defendant's motion seeks to suppress all evidence gathered during and derivative of a stop and search of his vehicle on June 10, 2022, including his statements to law enforcement.

The Magistrate Judge conducted a lengthy evidentiary hearing and heard argument on Defendant's motion on November 15, 2023. (Minute Entry, Nov. 16, 2023.) At the hearing, Officers Zachary Cahall, Robert Ahlers, and Gregory J. Crittendon, Jr. testified, and the Court admitted and viewed portions of photos and videos captured on the officers' body worn cameras

1

during the traffic stop. The Magistrate Judge issued an M&R recommending the Court deny Defendant's motion to suppress. (Doc. No. 35.) The Magistrate Judge concluded Officer Cahall lawfully conducted a traffic stop of Defendant's truck based on his erratic driving and failure to timely pull over. The Magistrate Judge also determined officers lawfully searched Defendant's vehicle because they had probable cause to believe the truck contained evidence of an open container violation, therefore the automobile exception to the Fourth Amendment applied. Through new counsel of record, Defendant timely objected to the M&R. (Doc. No. 42.) This Court has reviewed the objections, the initial pleadings, and the evidence and arguments the parties presented during the hearing.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Civil Procedure 59(b)(1). See Fed. R. Crim. P. 59(b)(1). A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy of the memorandum and recommendation. 28 U.S.C. § 636(b)(1). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.") (cleaned up). "Frivolous, conclusive or general objections need not be considered by the district court." Battle, 834 F.2d at 421 (quotation omitted). "A general objection, or one that merely restates the arguments previously presented is

2

not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.; see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting objections to an M&R "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result not only in the loss of *de novo* review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon careful review of the record, "The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

### III. FINDINGS OF FACT

Defendant objects to several of the Magistrate Judge's factual conclusions. Except as otherwise explained below, the Court **ADOPTS** and incorporates by reference the facts as set forth in the M&R as if fully set forth herein.

Defendant objects to "the Magistrate Judge's apparent finding that Officer Ahlers began the search." (Doc. No. 42, p. 11.) Based on a close examination of the record, the Court

3

**SUSTAINS** Defendant's objection. Officer Ahlers approached Defendant's truck and observed its contents in plain view through an open window at 11:59:35 p.m. (Doc. No. 18-6; USA Ex. 2B.) He did not enter the truck through the driver's side door until 11:59:58 p.m., at which point Officer Crittendon appears across the car already standing in the open passenger-side door. (Id.) Officer Crittendon's body-worn camera footage shows he pulled open the passenger door, which was already slightly ajar, a few seconds earlier. (Doc. No. 18-5; USA Ex. 2C.) Then, Officer Crittendon searched the front passenger side of the vehicle while Officer Richardson—who did not testify— not Officer Ahlers, searched the front driver's side. (Id.) The Court acknowledges this factual determination is a close one. But the footage demonstrates Officer Ahlers did not initiate the search. He also testified his search was delayed while he inquired whether anyone had gloves he could borrow, which his body-worn camera footage corroborates. (Doc. No. 36, p. 121; Doc. No. 18-6; USA Ex. 2B.) On this record, the Court determines Officer Crittendon—who entered Defendant's truck first and found the firearm that resulted in the instant offense—initiated the search Defendant challenges in his motion to suppress.

## IV. ANALYSIS

As an initial matter, the Court recognizes prior defense counsel challenged the basis of Officer Cahall's traffic stop for the first time at the evidentiary hearing, an issue the Magistrate Judge noted was not addressed in the parties' briefing. (Doc. No. 35, p. 12.) Because Defendant does not challenge the lawfulness of the stop in his objections to the M&R and because the Court agrees with the Magistrate Judge's conclusion the stop was lawful, the Court will proceed to address Defendant's objections related to the search.

As a preliminary matter, the Court notes Defendant's first objection refers to the Magistrate Judge's bottom-line conclusion the "entire incident was consistent with the Fourth Amendment."

(Doc. No. 42, p. 2.) This broad assertion alone is insufficient to entitle Defendant to de novo review. See Battle, 834 F.2d at 421 (noting that "general objections need not be considered by the district court"). Defendant does, however, assert several other specific objections to the M&R.

**A. Probable Cause to Search Defendant's Truck**

Defendant objects to the Magistrate Judge's conclusion the officers had probable cause to search his truck for evidence of an open container violation. Further, Defendant objects because the Magistrate Judge did not determine whether the officers had probable cause to search his truck for evidence of driving under the influence. (Doc. No. 42, pp. 10–16, 23.)

Before considering whether the totality of the circumstances supported probable cause to search, the Court must determine the facts relevant to that analysis. As the Court noted above, on this record, the relevant inquiry is whether Officer Crittendon knew facts sufficient to support probable cause when he initiated the search and located the firearm in Defendant's truck. Officer Crittendon did not interact with Defendant. Officer Ahlers smelled alcohol on Defendant, although he failed to note this observation in his narrative supplement to the incident report. (Doc. No. 18-7, p. 1.) The collective-knowledge doctrine—also called the "fellow officer" rule—may justify a search or seizure where the officer who executed the search or seizure acted at the instruction of another officer. See United States v. Hensley, 469 U.S. 221, 232 (1985). Under the doctrine, the acting officer's search or seizure is reasonable if the instructing officer knew facts sufficient to justify it. Id. The Fourth Circuit has not extended the doctrine to situations where only the "aggregated knowledge of all officers involved" would justify the search or seizure. United States v. Massenburg, 654 F.3d 480, 493–94 (2011). Therefore, the Court will not aggregate Officer Ahlers's knowledge with Officer Crittendon's and will not consider the smell of alcohol on Defendant among the totality of the circumstances supporting the search. The Court **SUSTAINS**

5

Defendant's objection to the Magistrate Judge's reliance on facts known to Officer Ahlers but not to Officer Crittendon.

1. *Open Container Violation*

Defendant objects to the Magistrate Judge's determination the officers had probable cause to search his truck for evidence of an open container violation. Defendant's objections focus on three purported bases for probable cause: (1) Officer Crittendon saw a red Solo cup in plain view before he searched the truck and "the reasonable assumption is that a red Solo cup in a cupholder at a late hour of the night could contain alcohol;" (2) the odor of alcohol in the truck; and (3) the odor of alcohol on Defendant. (Doc. No. 35, p. 15.) As discussed above, the Court will not consider the odor of alcohol on Defendant. The Magistrate Judge did so without the benefit of Defendant's briefing on his objections, which the Court finds illuminative. And in a close case such as this one, each fact carries significant weight.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, this means a search or seizure is unreasonable unless authorized by a warrant, United States v. Brinkley, 980 F.3d 377, 383 (4th Cir. 2020), "subject to only a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). One such exception is the "automobile exception," which permits a warrantless search if a vehicle is "readily mobile" and probable cause exists to believe it contains contraband or evidence of a crime. See, e.g., Maryland v. Dyson, 527 U.S. 465, 466 (1999); Pennsylvania v. Labron, 518 U.S. 938, 940 (1996); United States v. Alston, 941 F.3d 132, 138–40 (4th Cir. 2019), cert. denied, 140 S. Ct. 1221 (2020); see also United States v. Ross, 456 U.S. 798, 805 (1982) (holding a warrantless automobile search is permissible if "made upon probable cause, that is, upon a belief, reasonably

arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction").

North Carolina state law prohibits driving with an open container in the passenger compartment of a vehicle while the driver is consuming alcohol or alcohol remains in his body. N.C. Gen. Stat. § § 20.138.7(a). Officer Crittendon arrived on-scene in response to a call for additional units, but he did not know Officer Cahall stopped Defendant because of erratic driving. (Doc. No. 36, p. 161.) When Officer Crittendon approached Defendant's truck, he observed in plain view a plastic cup in the driver's side cup holder. Officer Crittendon also testified he smelled alcohol before he entered Defendant's truck. (Id., p. 155.) Officer Crittendon's contemporaneous narrative supplement to the incident report corroborates this testimony. (Doc. No. 18-9, p. 1.)

The smell of alcohol outside the truck together with Officer Crittendon's observation of a plastic cup is insufficient to support probable cause to enter Defendant's truck and search the entire vehicle. Similar cases where courts have found probable cause require more. For example, in United States v. Shine, 3:21-CR-160, 2022 WL 1213615, at *9 (W.D.N.C. Apr. 25, 2022), the court concluded officers properly searched the defendant's car after observing a passenger drinking out of a beer can and a matching beer can sitting in the driver's side cup holder. The officer there could reasonably conclude the other beer can belonged to the defendant. There was no beer can, beer bottle, or other obvious alcohol container in plain view in Defendant's truck.[1] Cf. United States v. Malone, 230 F.3d 1368 (9th Cir. 2000) (holding officers had probable cause to search based in part on bottle of cognac in plain view). A driver can legally drive with a plastic cup of water, tea, soda, or any number of other non-alcoholic beverages. Further, in United States v. Saafir, the Fourth Circuit agreed in dicta that an officer's assertion of probable cause to search

---

[1] In Shine, officers had also already uncovered a firearm magazine in Defendant's front pocket, justifying a protective sweep of the vehicle for firearms. 2022 WL 1213615, at *6–7.

7

a vehicle based only on the presence of a hip flask "was a misstatement of the law." 754 F.3d 262, 266 (4th Cir. 2014). The officer never checked whether the flask contained alcohol. Id. Here, Officer Crittendon knew about the presence of a more innocuous container, a plastic cup. And he similarly suspected an open container based on the odor of alcohol but could not have known exactly what the cup contained before he entered Defendant's truck and began to search.

Further, even in the most similar case the United States cites, United States v. Washington, 670 F.3d 1321 (D.C. Cir. 2012), officers observed the driver's shoulders moving and a puddle on the car floorboard near the driver's seat before arresting him and searching the vehicle. Id. at 394. There, Defendant also consented to a search of the cup, which upon closer examination contained a "small amount of red liquid" "consistent with the odor of an alcoholic beverage." Id. Unlike Officer Crittendon, the officer in Washington observed additional suspicious driving—the defendant was driving without his lights on at 3:00 a.m. and failed to stop in a timely manner. Id. at 393. And, unlike the officer in Washington, Officer Crittendon did not request consent to search the plastic cup to confirm his suspicions or otherwise investigate the circumstances surrounding the stop before searching the entire passenger compartment of Defendant's truck.

In conclusion, nothing about the totality of the circumstances in this case elevates a mere suspicion to something more. Certainly, the odor of alcohol alone may raise suspicion. But under the totality of the circumstances, Officer Crittendon did not have information sufficient to create a "fair probability" Defendant's vehicle contained evidence of an open container violation. Illinois v. Gates, 462 U.S. 213, 238 (1983). Under this standard, and mindful that "the government bears the burden of proof in justifying a warrantless search or seizure," United States v. Davis, 997 F.3d

8

Case 3:23-cr-00091-FDW-DCK   Document 55   Filed 04/17/24   Page 8 of 10

191, 195 (4th Cir. 2021) (quoting United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013)), the Court **SUSTAINS** Defendant's objection.[2]

### 2. *Driving Under the Influence*

The Magistrate Judge did not address whether probable cause existed to support a search for evidence of driving under the influence. Defendant objects. (Doc. No. 42, p. 23.) Because the Court concludes the officers did not have probable cause to search for evidence of an open container violation, it will **SUSTAIN** Defendant's objection and consider this alternative theory. The Court notes, however, the Magistrate Judge may well have come to the same conclusion had he reached this question. The Court's prior conclusion concerning Officer Crittendon's knowledge is equally applicable here.

North Carolina law prohibits impaired driving. N.C. Gen. Stat. § 20-138.1. However, on this record, the Court cannot say Officer Crittendon had probable cause to search for evidence of driving under the influence. Unlike in United States v. Blakeney, 949 F.3d 851, 860 (4th Cir. 2020), he did not approach a now-crashed car in which two people had been consuming alcohol.[3] Officer Crittendon approached an intact vehicle. When he initiated the search, he had no knowledge Officer Cahall had stopped Defendant for erratic driving. And he had no contact with Defendant to consider whether he smelled of alcohol, had glassy eyes or slurred speech, or was unsteady on his feet, all facts supporting potential intoxication. The Court **SUSTAINS** Defendant's objection.

---

[2] In sustaining Defendant's objection and rejecting the Magistrate Judge's ultimate conclusion as to probable cause, the Court notes the Magistrate Judge's M&R was thorough and well-reasoned and assisted the Court in analyzing the legal and factual issues presented by the parties.

[3] Blakeney is further distinguishable because in that case law enforcement secured a warrant from the on-duty magistrate judge. 949 F.3d at 856.

9

### B. Additional Objections

Defendant objects to the Magistrate Judge's decision not to address certain arguments in the M&R. Defendant objects to the M&R insofar as the Magistrate Judge does not address his expectation of privacy in the truck he was driving, which belonged to his father. But Defendant's expectation of privacy in the truck is implicit in the Magistrate Judge's analysis. If Defendant had no expectation of privacy in the truck, the Magistrate Judge would not have proceeded to analyze probable cause because the Fourth Amendment is only implicated where the defendant invoking it had an expectation of privacy. See United States v. Johnson, 466 U.S. 109, 113 (1984). Further, the United States concedes Defendant had an expectation of privacy in the truck. (Doc. No. 22, p. 8, n. 3.) The Court **OVERRULES** Defendant's objection. Defendant also objects to the M&R to the extent the Magistrate Judge declined to address his Fifth Amendment argument. The Court **OVERRULES** Defendant's objection as **MOOT**. The United States does not intend to rely on Defendant's statements, (Doc. No. 22, p. 8), and they were not addressed at the evidentiary hearing.

### V. CONCLUSION

In light of the Court's conclusion there was no probable cause to search Defendant's truck, the Court **OVERRULES** as **MOOT** Defendant's remaining objections.

**IT IS THEREFORE ORDERED** that, for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 35), is **ADOPTED IN PART** and **REJECTED IN PART**; Defendant's Objections to the M&R, (Doc. No. 42), are **SUSTAINED IN PART** and **OVERRULED IN PART**, and Defendant's Motion to Suppress, (Doc. No. 18), is **GRANTED**.

**IT IS SO ORDERED.** Signed: April 17, 2024

Frank D. Whitney
United States District Judge