UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CR-00091-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) **ORDER** |
| DEKATO BERNARD GIBSON, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the United States' Motion for Reconsideration (Doc. No. 22) of this Court's Order, (Doc. No. 55), granting Defendant's motion to suppress. This matter has been fully briefed, (Doc. No. 59), and is ripe for ruling. While the substantive argument the United States presents in its motion may have been persuasive at a different stage of the proceedings, for the reasons set forth below, the United States' Motion is **DENIED**.

## I. BACKGROUND

In April 2023, Defendant was indicted on one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. Nos. 1, 10.) Defendant filed a motion to suppress all evidence gathered during and derivative of a stop and search of his vehicle on June 10, 2022, including his statements to law enforcement. (Doc. No. 18.) The Magistrate Judge issued a Memorandum and Recommendation (the "M&R") recommending the Court deny Defendant's motion to suppress because "together" the facts in the record "provided Officers Ahlers and Crittendon with probable cause to search" Defendant's truck for open containers. (Doc. No. 35, p. 15.) This Court adopted in part the M&R but rejected the M&R's conclusion that probable cause supported the search. (Doc. No. 55.) Specifically, this Court declined to aggregate Officer Ahlers's knowledge with Officer Crittendon's based on binding Fourth Circuit precedent and found Officer

1

Crittendon initiated the search. After concluding Officer Crittendon alone did not have knowledge sufficient to create probable cause to search, this Court granted Defendant's motion to suppress.

The United States filed a motion for reconsideration of that Order. (Doc. No. 57.) The United States moved for reconsideration only of the Court's bottom-line decision to grant Defendant's motion to suppress. Instead of challenging the Court's underlying factual and legal conclusions as to the applicability of the automobile exception, the United States argues—for the first time—the inevitable discovery doctrine applies here because Officer Ahlers had probable cause to search Defendant's truck for evidence of driving under the influence. The United States has not previously raised the inevitable discovery doctrine but makes an equitable argument as to why it should not be waived. Defendant opposes the motion, arguing the United States' argument is not an appropriate basis for reconsideration and has been waived. (Doc. No. 59.) Defendant further opposes the motion on the merits, arguing the inevitable discovery doctrine does not apply here.

## II. ANALYSIS

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. However, as the United States notes, this Court retains discretion to reconsider its rulings prior to sentencing, and may rely on the Federal Rules of Civil Procedure to do so. See United States v. Dickerson, 166 F.3d 667, 678–79 (4th Cir. 1999), rev'd on other grounds, 530 U.S. 428 (2000); United States v. Garcia, No. 3:15-cr-00040, 2015 WL 7313425, at * 1 (W.D.N.C. Nov. 19, 2015) (applying Federal Rule of Civil Procedure 59(e) to a motion to reconsider in a criminal case). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). The United States argues the inevitable discovery exception to the Fourth Amendment applies in this case because

Officer Ahlers had probable cause to search Defendant's truck for evidence of driving under the influence, therefore he would have inevitably discovered the firearm Defendant seeks to suppress. Further, the United States argues reconsideration is appropriate because the findings in the Court's Order "lead to a different conclusion." (Doc. No. 57, p. 6, n.1.)

The United States has twice waived the argument it now seeks to assert as a basis for reconsideration.

First, the Court will address the United States' express waiver. Arguments raised for the first time in a motion for reconsideration are generally deemed waived. See Holland v. Big River Mins. Corp., 181 F.3d 597, 605 (4th Cir. 1999). The United States does not appear to argue it raised its inevitable discovery argument earlier in the proceedings, and the record demonstrates this argument was raised for the first time in the instant motion for reconsideration. Importantly, the Court respectfully notes the United States explicitly waived its inevitable discovery argument. At the hearing before the Magistrate Judge, counsel stated: "[T]his is a case involving the automobile exception. We're not alleging the other bases for the search, other exceptions." (Doc. No. 36, p. 7; 5–6.) Thus, the record demonstrates the United States waived any argument applying an exception to the Fourth Amendment other than the automobile exception. The United States waived the argument a second time when it did not respond to Defendant's objections to the M&R, as it could have within fourteen days. (Doc. No. 35, p. 17.)

Next, the Court will address the United States' equitable argument requesting that this Court excuse its waiver. The United States' motion forecasts—but does not concede—it may have waived its inevitable discovery argument. (Id.) It asserts that because the Court considered Defendant's objection to the M&R concerning whether Officer Crittendon or Officer Ahlers began the search—which the United States argues Defendant waived—the Court should also consider

3

the merits of the instant motion. The Court is in a different procedural posture when reviewing a party's objections to an M&R than it is when reviewing a party's motion for reconsideration. In reviewing an M&R's recommendation, the Court reviews de novo any portion of the M&R to which a specific objection is made. See Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). In addition, the Court reviews an M&R for clear error even in the absence of a proper objection. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Consideration of whether Defendant waived his objection to the M&R does not mandate excusing the United States' waiver of its arguments in the instant motion. First, Defendant has consistently maintained no officer had probable cause to search his truck. (See Doc. Nos, 18, 36.) In the United States' opposition to Defendant's motion to suppress, it argued Officer Crittendon and Officer Ahlers independently had probable cause to search Defendant's truck for evidence of open container violations and driving under the influence. (Doc. No. 22, pp. 1, 13–14.) However, the M&R concluded that "together" Officers Crittendon and Ahlers had probable cause to search Defendant's truck for evidence of an open container violation. (Doc. No. 35, p. 15.) Defendant objected to that particular finding in the M&R, and the United States declined to respond to that objection either in substance or to argue it was waived. Accordingly, Defendant did not waive any objections to the M&R.

Further, and as explained in the Order that is the subject of the instant motion, the Court respectfully concludes the M&R erred by aggregating Officer Ahlers's and Officer Crittendon's knowledge where the evidence does not support such a conclusion and Fourth Circuit precedent

4

prohibits aggregating their knowledge here. See <u>United States v. Massenburg</u>, 654 F.3d 480, 493–94 (4th Cir. 2011) (holding the aggregate knowledge doctrine, under which an acting officer's search or seizure is reasonable if the instructing officer knew facts sufficient to justify it, does not apply where only the "aggregated knowledge of all officers involved" would justify the search or seizure). While the Court noted Defendant's objections were illuminative, (Doc. No. 35, p. 6), Defendant did not even cite <u>Massenburg</u>. The Court came to its conclusion based on time-stamped video evidence—which was in the record and available to all parties—and binding Fourth Circuit precedent. The Court would have reached the same conclusion on clear error review. Unlike Defendant's objection, here the United States seeks to excuse its prior explicit waiver and failure to make any argument in response to Defendant's objections. That argument does not lead to the same clear error result.

For the foregoing reasons, the Court concludes the United States has waived its inevitable discovery argument and good cause does not support excusing that waiver by applying equitable principles. The Court shares the United States' concerns about efficient resolution of cases, one-sided arguments, and undeveloped records, and remains conscious of these issues in managing its docket. But the record as to who began the search in this case was developed—the parties submitted time-stamped video evidence. And to the extent Defendant's argument about the aggregate-knowledge doctrine and who initiated the search was one-sided, that concern would have been alleviated had the United States responded to Defendant's objections.

**IT IS THEREFORE ORDERED** that the United States' Motion for Reconsideration, (Doc. No. 57), is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 2, 2024

Frank D. Whitney
United States District Judge